**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY BRAXTON,<br><br>Petitioner,<br><br>v.<br><br>B.J. BAYLESS,<br><br>Respondent. | Civil Action No. 26-1743 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Anthony Braxton's application to proceed *in forma pauperis* (ECF No. 8), petition for a writ of habeas corpus (ECF No. 1), and motions for a copy of the petition, preliminary injunction, and appointment of counsel (ECF Nos. 3-5). The Court GRANTS the application, DENIES the petition, and DENIES the motions as moot.

Petitioner, who currently is designated to the Federal Correctional Institution Cumberland, Maryland, is serving a prison sentence imposed by the Superior Court of the District of Columbia. *See* Pet. ¶¶ 2-3). According to Petitioner, his confinement is unlawful because "he was denied Due Process, a fair trial, an attorney and a right to an appeal in criminal case 2017 CF 18884." *Id.* ¶ 5. He demands his immediate release from custody, among other relief. The Court must deny the petition.

Petitioner is a District of Columbia Code offender, and a challenge to his conviction and sentence must be brought before the Superior Court under D.C. Code § 23-110, which in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). This petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). Petitioner makes no such showing.

An Order is issued separately.

/s/
AMIT P. MEHTA
United States District Judge

DATE: August 17, 2026